IN THE COURT OF COMMON PLEAS
LORAIN COUNTY, OHIO

| | |
|---|---|
| **STEPHANIE GREEN**<br>Administrator of the Estate of<br>Lillie Laverne Williams, deceased<br>812 Oberlin Avenue<br>Lorain, Ohio 44052<br><br>　　　　　Plaintiff<br><br>　v.<br><br>**WAL-MART STORES EAST, LP**<br>C/o Statutory Agent<br>CT Corporation System<br>4400 Easton Commons Way<br>Suite 125<br>Columbus, Ohio 43219<br><br>and<br><br>**WALMART INC.**<br>C/o Statutory Agent<br>CT Corporation System<br>4400 Easton Commons Way<br>Suite 125<br>Columbus, Ohio 43219<br><br>　　　　　Defendants | CASE NO.<br><br>**21CV204242**<br>JUDGE<br><br>JUDGE JAMES MIRALDI<br><br>**COMPLAINT**<br><br>**Jury Demand Endorsed Hereon** |

　　　Now comes the Plaintiff, Stephanie Green, by and through counsel, and for her causes of action states the following:

1. This is an action for wrongful death and survival damages arising out of the death of Plaintiff Stephanie Green's Mother, Lillie Laverne Williams. Plaintiff brings this action in her capacity as Administrator of her mother's estate.

1



2. Defendants Wal-Mart Stores East, LP and Walmart Inc. (collectively "Walmart") are foreign corporations, registered with the Secretary of State of Ohio to do business in the state of Ohio and maintain a statutory agent at the captioned address.

3. Walmart owns and operates store #1839, a Walmart "Supercenter" retail store located at 4380 N. Leavitt Road, Lorain, Ohio. The incident which is the subject of this Complaint occurred at the N. Leavitt Road Walmart "Supercenter" in Lorain County.

4. On May 26, 2020, Lillie Laverne Williams was a business invitee, shopping within the Walmart store on N. Levitt Road.

5. While inside the store she needed to utilize the ladies' restroom and therefore operated her scooter, on which she was sitting, into the restroom area.

6. Upon going into the ladies' restroom area, she operated her scooter toward the end of the ladies' restroom where the accessible bathroom stall was located.



2

7. The bathroom door to the accessible stall opened inwards into the stall.



8. As Lillie Laverne pushed the bathroom stall door open and moved her scooter into the stall, she suddenly and without warning experienced severe pain to her lower right leg. She then began noticing a significant amount of blood accumulating on the bathroom floor. Her right leg had been ripped open.

3



9. Unbeknownst to Lillie Laverne a sharp metal object had been fastened and attached to the front of the bathroom stall door in the lower corner of the door. The metal object ripped open her right leg.




4

10. The serious injury to Lillie's leg required extensive, ongoing medical treatment including hospitalization and surgery.





11. Lillie never recovered from her injuries and died on November 5, 2020.

12. Lillie's injuries and her death were caused by the negligence of Defendant Walmart, its employees, agents and/or staff.

5

13. Defendant Walmart was negligent in or all of the following ways:

    a. In failing to properly maintain and/or reasonably make safe the ladies bathroom including the bathroom stall door;

    b. In permitting the creation of and/or allowing the existence of a dangerous hazardous and latent condition to exist upon Defendant's premises, despite actual or constructive notice of the same;

    c. In subjecting Lillie Laverne Williams to a hidden danger and risk of injury known to Defendant but unknown and not reasonably discoverable;

    d. In failing to exercise reasonable care for the safety of Lillie Laverne Williams and other business invitees under the circumstances;

    e. In failing to maintain and keep the subject business premises in good repair and free from nuisance;

    f. In failing to warn of a hazard known to Defendant.

14. The bathroom stall door and the sharp metal object attached and fastened to the front of the door was under the exclusive management and control of Walmart.

15. In the ordinary course of events, if ordinary care had been observed, Lillie Laverne Williams would not have been injured.

16. As a direct and proximate result of Defendant Walmart's negligence, Lillie Laverne Williams sustained severe and extreme physical injury requiring substantial medical care and attention, and ultimately death. In addition to her physical injuries she sustained mental, emotional, and psychological pain, anguish, and agony and suffering prior to her death. She was also prevented from participating in and enjoying the benefits of a full and complete life due to the injuries sustained.

17. As a direct and proximate result of Defendant Walmart's negligence, Lillie Laverne Williams' beneficiaries, devises, heirs, legatees, and next of kin sustained damages recoverable under Ohio law including but not limited to those set forth in O.R.C. §2125.02 such as:

    a. Severe mental anguish and trauma;
    b. Loss of society of the Decedent, including without limitation, the loss of companionship, care, love, support, services, assistance, attention, protection, advice, guidance, counsel, instruction, training and education;
    c. Funeral and burial expenses; and
    d. All other compensatory damages recognized un Ohio law.

18. As a direct and proximate result of the foregoing negligence of Defendant Walmart, Lillie Laverne Williams' estate has incurred expenses for medical care and treatment of Lillie Laverne Williams prior to her health.

WHEREFORE, Plaintiff Stephanie Green, Administrator of the Estate of Lillie Laverne Williams, demands judgment against Defendants, collectively known as Walmart, jointly and severally, in an amount in excess of $25,000 on this Complaint for compensatory damages, as well as attorney fees, costs, pre-and post-judgment interest, and such other and further relief as this Court deems just and equitable.

**Plaintiff demands a TRIAL BY JURY.**

Respectfully submitted,

PAUL GRIECO (0064729)
GRIECO LAW, LLC
623 West Saint Clair Avenue
Cleveland, Ohio 44113
(216) 965-0009 Phone
(216) 621-2951 Fax
Paul@Grieco.law
*Counsel for Plaintiffs*